# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE ARNETT,<br><br>        Plaintiff,<br><br>  vs.<br><br>JANE A. WALTERS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-05-0223 AWI LJO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |

## BACKGROUND

Plaintiff Timothy Wayne Arnett ("plaintiff") is a federal prisoner and proceeds pro se and in forma pauperis in this civil rights and related action. On April 21, 2004, plaintiff his complaint in the U.S. District Court, Northern District of California, and plaintiff's action was recently transferred to this Court. The complaint names as defendants several past and apparently current directors and executives of the National Credit Union Administration ("NCUA") and Federal Deposit Insurance Corporation ("FDIC") and who will be referred to collectively as "defendants." The complaint alleges that in March 1998, plaintiff was convicted for robbery of financial institutions which were allegedly federally insured by NCUA or FDIC. The gist of plaintiff's claims is that defendants fabricated certificates used in plaintiff's underlying criminal trial to demonstrate the financial institutions were federally insured.

## DISCUSSION

### Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in

1  repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity
2  of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process
3  by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
4  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629
5  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to
6  dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice
7  also can be inferred from a complaint containing untrue material allegations of fact or false statements
8  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

9       A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond
10 doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to
11 relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,
12 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294
13 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of
14 any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not
15 whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to
16 support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco
17 Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

18      As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence
19 to support its untenable, invalid claims.

**The Complaint's General Deficiencies**

21      F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)     Pleading to be Concise and Direct; Consistency.
>
> (1)     Each averment of a pleading shall be simple, concise and direct.

1    A pleading may not simply allege a wrong has been committed and demand relief. The
2 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds
3 upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States*
4 *Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all
5 elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist."
6 *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business*
7 *Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

8    Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must
9 give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*
10 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of
11 particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.
12 Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2) to provide fair notice of claims against
13 defendants and to demonstrate plaintiff is entitled to relief as to each defendant. The complaint fails to
14 set forth specific acts, omissions or wrongs by defendants. The amended complaint fails to allege with
15 any degree of particularity specific wrongful overt acts of defendants and in turn, resulting damages from
16 defendants' overt wrongful acts.

17    Moreover, in personam jurisdiction is required when a judgment is sought as to a defendant
18 personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court
19 "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct.
20 1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid
21 judgement, [the court] must address Defendants' personal jurisdiction argument before reaching the
22 merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir.
23 1998).

24    Federal courts lack nationwide personal jurisdiction and have no broader power over persons
25 outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co.,*
26 *Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

27    The complaint fails to establish in personam jurisdiction over defendants. In the absence of in
28 personam jurisdiction, this Court is unable to proceed on plaintiff's claims.

### *Bivens* Claims' Merits

The complaint appears to allege claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Under the doctrine of sovereign immunity, a *Bivens* action will not lie against the United States, its agencies, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). To the extent that federal officers are sued in their official capacity, such claims are barred by the doctrine of sovereign immunity. *Gilbert v. DaCrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a *Bivens* action on the theory respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).

Based on the complaint, defendants are sued in their official capacities and are entitled to sovereign immunity.

Moreover, there must be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right . . . if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm.

### *Bivens* Claim – Statute Of Limitations

The complaint raises statute of limitations issues because it focuses on alleged actions in 1998. Actions under 42 U.S.C. § 1983 and *Bivens* are identical except for the replacement of a state actor under 42 U.S.C. § 1983 by a federal actor under *Bivens*. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal injury statute of limitations for *Bivens* action).

Without a federal limitations period, federal courts borrow for section 1983/*Bivens* claims the statute of limitations applicable to personal injury claims in the forum state. *See Tworivers v. Lewis*, 174

1  F.3d 987, 991 (9th Cir. 1999). Section 1983/*Bivens* claims "are best characterized as personal injury
2  actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985). Applying state law in effect in
3  1998 (Cal. Code Civ. Proc., § 340(3)), claims brought under section 1983/*Bivens* and which arise in
4  California are generally barred if not brought within one year from the date they accrue. *See Johnson*
5  *v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Elliot v. City of Union City*, 25
6  F.3d 800, 802 (9th Cir. 1994); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990); *see also Taylor*
7  *v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993); *Donoghue v. County of*
8  *Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987).

9  Federal law "determines when a federal cause of action accrues, despite the fact that state law
10 determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160,
11 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir.
12 1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has
13 reason to know of the injury which is the basis of the action. *Tworivers*, 174 F.3d at 991; *Kimes v.*
14 *Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

15 The complaint suggests plaintiff knew or had reason to know of alleged injury as early as his
16 March 1998 conviction. As such, the complaint is susceptible to statute of limitations defenses.   Sua
17 sponte dismissal by this Court is appropriate where it appears from the face of the complaint that an
18 action is barred by the statute of limitations. *See Baker v. Cuomo*, 58 F.3d 814 (2d Cir. 1995); *Pino v.*
19 *Ryan*, 49 F.3d 51 (2d Cir. 1995); *Franklin v. State of Oregon*, 563 F. Supp. 1310 (D. Or. 1983).

### RICO Claims' Merits

21 The complaint attempts to allege claims under the Racketeer Influenced and Corrupt
22 Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 in that defendants purportedly engaged in a
23 continuous pattern and practice involving mail fraud, improper influence of attorneys, jurors and judges,
24 and misleading conduct to influence testimony. RICO allows a private citizen to recover treble damages
25 for injury "by reason of section 1962" which prohibits conduct or participation in the conduct of an
26 enterprise "through a pattern of racketeering activity." 18 U.S.C. §§ 1964(c), 1962. A violation of 18
27 U.S.C. § 1962(c) requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering
28 activity. *Sedima, S.P.R. L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Furthermore, the plaintiff must

actually be injured by the conduct which purportedly violates 18 U.S.C. § 1962. 18 U.S.C. § 1964(c); *Sedima*, 473 U.S. at 496.

18 U.S.C. § 1962(c) requires an allegation that the defendants "participated directly or indirectly, in the conduct of [the] enterprise's affairs through a pattern of racketeering activity." To participate directly or indirectly in an enterprise conduct, the perpetrator must perform a role with some sort of authority or direction. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). RICO liability is predicated on some manner of directing the enterprise's operations. *Reves*, 507 U.S. at 179.

An enterprise may be "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise element requires a plaintiff to show that an enterprise has an existence "separate and apart" from the alleged pattern of racketeering. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The plaintiff must allege also a continued organization, formal or informal, in which the various members continue to operate the group. *Turkette*, 452 U.S. at 583.

Here, the complaint fails to allege: (1) the requisite enterprise element; (2) a decision-making process of the association in fact; (3) a system of authority through which the enterprise is guided; or (4) direction of the enterprise's affairs. In the absence of an enterprise element, the complaint fails to allege direction or management of an enterprise and in turn fails to satisfy RICO pleading requirements.

A pattern of racketeering activity requires no less than two separate instances of racketeering activities. 18 U.S.C. § 1961(5). To establish a pattern, a plaintiff must show the relation between the acts and a continuous or future threat of criminal behavior. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 238-240 (1989). Relation between the predicate acts is established when the acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J., Inc.*, 492 U.S. at 240. Continuity may be satisfied through closed or open-ended continuity. *H.J., Inc.*, 492 U.S. at 241. Closed-ended continuity satisfies RICO's pattern requirement by showing a series of related predicates which extend over a substantial time period. *H.J., Inc.*, 492 U.S. at 242. Open-ended continuity fulfills the continuity requirement when racketeering acts constitute a future threat of criminal behavior or when acts are conducted in the normal course of ongoing activity by the enterprise. *H.J.,*

*Inc.*, 492 U.S. at 243.

The complaint fails to allege a pattern of racketeering activities in the absence of facts of continuous or future threat of criminal behavior. The complaint does not allege closed-ended continuity of a series of related predicates over a substantial time period. Open-ended continuity is not satisfied in the absence of predicate acts to indicate a continued threat of future criminal behavior. The complaint does not list continuous predicate acts to sustain continuity.

Injury to plaintiff's person or property from racketeering activity is required to pursue a RICO claim. 18 U.S.C. § 1964(c). To qualify for RICO standing, a plaintiff must have suffered financial loss to his property. *Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992). The complaint fails to allege necessary injury arising from conduct in violation of 18 U.S.C. § 1962.

The complaint further alleges defendants conspired to violate 18 U.S.C. § 1962. When a plaintiff fails to sufficiently allege elements of a substantive RICO violation, a conspiracy to commit RICO claim based on the same allegation is equally deficient. *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367, n. 8 (9th Cir. 1992). Here, in the complaint's absence to allege RICO elements, plaintiff is unable to pursue a RICO conspiracy claim. Moreover, in the absence of allegations of RICO injury, plaintiff lacks standing to pursue a RICO conspiracy claim.

### RICO Claims – Statute Of Limitations

RICO claims are subject to a four-year limitations period. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). The events at issue in the complaint arose in 1998. Plaintiff filed his complaint on April 21, 2004 to render his RICO claims time-barred.

### Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to relitigate issues subject to his underlying criminal action. The complaint appears intended to vex defendants. Such attempt provides further grounds to dismiss plaintiff's complaint.

### CONCLUSION AND RECOMMENDATION

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds the complaint fails to satisfy pleading requirements, fails to state viable claims against defendants, and

an attempt at amendment is unwarranted based on the complaint's deficiencies, jurisdictional defects, immunities and defenses available to defendants, and plaintiff's apparent attempt to vex defendants.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than May 23, 2005, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated:   April 18, 2005**                         **/s/ Lawrence J. O'Neill**
66h44d                                              UNITED STATES MAGISTRATE JUDGE