1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT FOR THE

7                        EASTERN DISTRICT OF CALIFORNIA

8

9  TIMOTHY WAYNE ARNETT,            )        No. CV-F-05-223 REC/LJO
                                    )
10                                  )        ORDER DISMISSING ACTION AND
                                    )        DIRECTING ENTRY OF JUDGMENT
11                  Plaintiff,      )        FOR DEFENDANTS (Doc. 15)
                                    )
12           vs.                    )
                                    )
13                                  )
   JANE A. WALTERS, et al.,         )
14                                  )
                                    )
15                  Defendant.      )
                                    )
16  _____)

17      On April 19, 2005, the United States Magistrate Judge

18  recommended that the court dismiss this action without prejudice

19  on the various grounds set forth in the recommendation.

20      After receiving extensions of time, plaintiff timely filed

21  objections to the recommendation.

22      The court has reviewed the record herein de novo.

23      The court concludes that the recommendation erroneously

24  concludes that plaintiff's action is barred by the statutes of

25  limitations applicable to the causes of action alleged in the

26  Complaint.  The gravamen of plaintiff's Complaint is an alleged

                                    1

1   conspiracy to fabricate FDIC certificates and a NCUA certificate
2   of insurance in plaintiff's criminal trial in 1998, <u>United States</u>
3   <u>v. Arnett</u>, No. CR-F-95-5287, which trial resulted in plaintiff's
4   conviction of seven counts of armed bank robbery in violation of
5   18 U.S.C. § 2113 and seven counts of use of a firearm during a
6   crime of violence in violation of 18 U.S.C. § 924(c).  Plaintiff
7   appealed those convictions to the Ninth Circuit.  By decisions
8   filed in December, 2003, plaintiff's convictions of armed bank
9   robbery were affirmed by the Ninth Circuit, <u>United States v.</u>
10  <u>Arnett</u>, 2003 WL 23095754 (9th Cir. 2003), but his convictions of
11  violation of 18 U.S.C. § 924(c) were reversed and remanded for
12  retrial, <u>United States v. Arnett</u>, 353 F.3d 765 (9th Cir. 2003).
13  The mandate was issued on August 4, 2004.  Because of <u>Heck v.</u>
14  <u>Humphrey</u>, 512 U.S. 477 (1994), and <u>Martin v. Sias</u>, 88 F.3d 774
15  (9th Cir. 1996), plaintiff could not have brought this action
16  prior to the rulings on his appeal of the criminal convictions
17  because his claims did not accure until the rulings by the Ninth
18  Circuit on appeal.  Therefore, the court vacates the
19  recommendation to the extent that the recommendation concludes
20  that plaintiff's claims are barred by the applicable statute of
21  limitations.
22      The court also vacates the recommendation for dismissal to
23  the extent that the recommendation contends that the Complaint
24  fails to establish <u>in personum</u> jurisdiction over the named
25  defendants.  A lack of <u>in personum</u> jurisdiction over a party is a
26  defense pursuant to Rule 12(b)(2), Federal Rules of Civil

2

1   Procedure, which is waived pursuant to Rule 12(h)(1), if not

2   timely raised.  Because none of the defendants have appeared in

3   this action, the court concludes that the recommendation of lack

4   of <u>in personum</u> jurisdiction is premature.

5       The court concurs with the recommendation that the Complaint

6   fails to state a claim upon which relief can be granted.  The

7   court further concludes that plaintiff cannot amend the Complaint

8   to state a claim.  The court takes judicial notice of the record

9   in <u>United States v. Arnett</u>, No. CR-F-95-5287.  During the first

10  trial, the Government admitted into evidence the certified FDIC

11  certificates of insured status for the victim banks and the

12  victim credit union, showing that the deposits were federally

13  insured on the dates of the robberies.  Witnesses from each

14  financial institution testified that The credit union branch

15  manager testified that the deposits of the credit union were

16  insured by the National Credit Union Administration at the time

17  of the robbery.  During the trial leading to plaintiff's 1998

18  convictions, plaintiff raised numerous arguments at trial and in

19  post-trial motions challenging the adequacy of the evidence

20  concerning the FDIC certificates that the banks were federally

21  insured.  Plaintiff's objections included the contention that

22  the certificates were not admissible because the FDIC cannot

23  supply certified copies of the original certificates if the FDIC

24  does not retain the originals, thereby establishing that the

25  certificates were specifically created for trial.  All of

26  defendant's challenges to the admissibility and efficacy of this

3

1   evidence were rejected by the district court.  In affirming

2   plaintiff's convictions for armed bank robbery, the Ninth Circuit

3   ruled in pertinent part:

4           We also reject Arnett's claim that the
            district court erred by admitting FDIC
5           certificates into evidence because they doe
            not establish that the banks were FDIC-
6           insured ... 'There is no question' that FDIC
            certificates of insurance are sufficient to
7           establish, beyond a reasonable doubt, that
            the banks were federally insured at the time
8           they were robbed ... We hold that the
            district court did not abuse its discretion
9           in admitting the FDIC certificates into
            evidence ....
10
            ...
11
            The district court did not err in denying
12          Arnett's request for a new trial or for
            acquittal based on the government's alleged
13          prosecutorial misconduct and/or improper or
            outrageous misconduct by introducing the FDIC
14          certificates at trial ... We conclude that
            the FDIC certificates were not false and the
15          government's use of the FDIC certificates at
            trial was proper.
16
    United States v. Arnett, supra, 2003 WL 23095754.  Therefore, the
17
    claims made by plaintiff in the Complaint in this action do not
18
    state a claim upon which relief can be granted and cannot be
19
    amended to state a claim.
20
        ACCORDINGLY:
21
        1.  The Complaint in this action is dismissed without leave
22
    to amend for failure to state a claim upon which relief can be
23
    granted.
24
        2.  The Clerk of the Court is directed to enter judgment for
25
    defendants.
26

                                4

1      IT IS SO ORDERED.

2  **Dated:  September 7, 2005**          /s/ Robert E. Coyle
   668554                         UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26